78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nemesio M. AMARILLE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3787.
 United States Court of Appeals, Federal Circuit.
 Feb. 21, 1996.
 
 Before NEWMAN, Circuit Judge, SMITH, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 This appeal is taken from the decision of the Merit Systems Protection Board, Docket No. CB1205950025-U-1. We affirm the decision.
 
 BACKGROUND
 
 2
 Following his civilian employment with the Navy in the Philippines, Nemesio Amarille applied for a retirement annuity. The Office of Personnel Management (OPM) denied the application, and Mr. Amarille appealed that decision to the Merit Systems Protection Board. The Board sustained OPM's determination in an Initial Decision dated March 4, 1994. The full Board declined to review the merits of the Initial Decision because Mr. Amarille did not file his petition for review on time and offered no reason why his petition should be accepted in spite of its late filing. We affirmed the Board's dismissal in an unpublished decision dated Jan. 17, 1995.
 
 
 3
 Mr. Amarille then requested that the Merit Systems Protection Board review the regulations pursuant to which the decision was made, 5 C.F.R. §§ 831.201(12) and (13), alleging that the regulation in question required the agency to commit a prohibited personnel practice. Such review is authorized by 5 U.S.C. § 1204(f).[1] The Board declined the request for review, holding that our decision in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), considered and rejected the arguments Mr. Amarille was advancing. Mr. Amarille now petitions for review of this decision.
 
 DISCUSSION
 
 4
 Petitioner argues that the challenged regulations exclude from the Civil Service Retirement System employees serving under indefinite appointments, and that this exclusion is inconsistent with the statutory basis on which the regulations are based, 5 U.S.C. § 8347(g), which permits the exclusion of only "temporary or intermittent" employees. Petitioner argues that an appointment which is described as "indefinite" is neither temporary nor intermittent, and its duration can be as long as a permanent appointment. Thus, contends Mr. Amarille, the regulations violate the statute upon which they are based and should be held invalid.
 
 
 5
 In Rosete we considered this argument and concluded that, while the statute would support alternative regulatory implementations, the regulations that OPM had adopted were not inconsistent with the statutory language and thus would not be disturbed. Rosete, 48 F.3d at 519 ("we conclude that OPM's interpretation of the statutory language 'temporary or intermittent' is both reasonable and of long standing. This court must defer to that reasonable interpretation by the agency charged with administering the CSRA.") Since this challenge to the regulations has already been considered and decided, the decision of the Board denying regulatory review was correct and must be affirmed.
 
 
 
 [1]
 5 U.S.C. § 1204(f) provides, in relevant part:
 (1) At any time after the effective date of any rule or regulation issued by the Director of the Office of Personnel Management in carrying out functions under section 1103, the Board shall review any provision of such rule or regulation
 (A) on its own motion;
 (B) on the granting by the Board, in its sole discretion, of any petition for such review filed with the Board by any interested person, after consideration of the petition by the Board;
 ....
 (2) In review any provision of any rule or regulation pursuant to this subsection, the Board shall declare such provision--
 (A) invalid on its face, if the Board determines that such provision would, if implemented by any agency, on its face, require any employee to violate section 2302(b); or
 (B) invalidly implemented by any agency, if the Board determines that such provision, as it has been implemented by the agency through any personnel action taken by the agency or through any policy adopted by the agency in conformity with such provision, has required any employee to violate section 2302(b).